IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 20-89 |
| v. | ) |
| | ) |
| RODNEY STALLWORTH | ) |

**Opinion and Order on Motion for Return of Property**

This matter is before the Court on Mr. Stallworth's Motion for Return of Property Pursuant to Fed. R. Crim. Proc. 41(g). ECF No. 60. Mr. Stallworth seeks the return of three iPhones, one iPad, and an Xbox power cable, all of which were seized by federal agents during the investigation of this case. The Government filed a Response to the Motion (ECF No. 62) to which Mr. Stallworth filed a Reply (ECF No. 63). A motion hearing, conducted by video, was held on June 3, 2021. For the reasons explained below, the Motion will be granted.

**I.    Background**

Mr. Stallworth was charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. The scheme involved the conspirators stealing mail in search of valid checks from accounts of area businesses. The conspirators made counterfeit versions of the business checks payable to a "check-casher" who was recruited into the conspiracy. The check-casher would then cash the counterfeit check at a local bank. On March 2, 2020, law enforcement seized three iPhones, one iPad, an Xbox power cable, a "magnetic strip reading/writing device, several counterfeit checks, several Visa prepaid gift cards, and a debit card belonging to someone else from locations connected to Stallworth and the conspiracy, including the rental car that Stallworth had been driving." Govt Resp. ¶¶ 1-2. On March 20, 2020, search warrants were issued authorizing the search of the three iPhones and the iPad. Id. ¶ 3. The search authorization

was based on the assertion that, in similar fraud investigations, electronic devices are "often used to send messages between conspirators or store personally identifying and banking information that can be used in connection with the fraud."[1]  Id.  The iPad was successfully accessed by law enforcement.  Id. ¶ 4.  The iPad did contain evidence, but it did not "contain contraband like account numbers, routing numbers, credit or debit card numbers, or personally identifying information."  Id. ¶ 5.  Law enforcement were unable to access the iPhones.  Id. ¶ 4.  On November 4, 2020, Mr. Stallworth pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.  On February 24, 2021, the Court sentenced Mr. Stallworth to a term of imprisonment of time-served, to be followed by three years of supervised release.

On May 11, 2021, Mr. Stallworth filed his Motion seeking the return of the three iPhones, the iPad, and the Xbox power cable.  The Government agreed that the Xbox power cable and the iPad must be returned to Mr. Stallworth under Rule 41(g), as both are "property that is no longer needed as evidence."  Id. ¶ 5.  Because law enforcement were unable to access the three iPhones, the Government asserts that it "cannot be certain" that they do not contain contraband or victim information like account numbers, routing numbers, credit or debit card numbers, or personally identifying information.  Id. ¶ 6.  In light of this concern, the Government

---

[1] The affidavits in support of the search warrants were not introduced as evidence, but at oral argument Mr. Stallworth's counsel read into the record, without objection or clarification, the relevant affidavit averments supporting the search of the iPhones:

> I'm looking at the affidavit in support of the search warrant, and the relevant paragraph here -- we're talking about an affidavit that goes to -- goes to 59 paragraphs. There's only one paragraph really that pertains to the issue before the Court today, which I think is paragraph 45, and it states as follows:
> Your affiant also knows that the devices – and they're talking about the devices in question here today – that the devices are capable of not only voice communications but also text messaging, SMS chat messaging, and email communications.
> Your affiant also knows that these devices may also have significant electronic storage capability, Internet browsing and computer functions, GPS location functions, and memory storage, which may reveal additional evidence and locations of the crimes.

Rough Tr. Mot. Hr'g, June 3, 2021, at 6.

proposed that Mr. Stallworth provide his passcodes for the iPhones and, without searching the phones, the Government would restore them to factory settings and return them.  Id. ¶ 7.  Alternatively, the Government suggested that the Department of Homeland Security "attempt to restore the phones to factory settings without the passcodes and return them."  Id.  Finally, the Government states that it is "willing to return the three phones as-is, pursuant to an Order of the Court."  Id.  At oral argument, the Government also argued that, because there is "a good chance that the phones contain contraband [] they don't have to be returned."  Rough Tr. Mot. Hr'g, June 3, 2021, at 5.

      Mr. Stallworth declined to provide his passcodes, noting that to do so would require him to give up his rights under the Fourth Amendment to the United States Constitution.  Deft. Reply at 1.  He also does not consent to the wiping of data on his iPhones in any manner, as the data includes photographs and videos of his children from birth to the date of seizure of the iPhones.  Id.  Faced with this impasse, the Court directed the parties to confer to consider alternate means of resolution, such as having a third-party expert review the data on the phone for contraband, and report back to the Court on their efforts.  On June 14, 2021, the parties filed a Joint Status Report stating that they were unable to reach a resolution.

**II.**     **Applicable Law**

      The "government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'"  United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  The owner of property seized by the government may take appropriate action to recover the property pursuant to Federal Rule of Criminal Procedure 41(g).  Rule of Criminal Procedure 41(g), provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. Proc. 41(g). "A District Court has jurisdiction to entertain a motion for return of property made after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief." Chambers, 192 F.3d at 376. "When the motion is filed after the termination of criminal proceedings the government bears the evidentiary burden to "demonstrate that it has a legitimate reason to retain the property." Id. at 377. "At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." Id. "The government may meet this burden by demonstrating 'a cognizable claim of ownership or right to possession' adverse to that of the movant." Id. (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991)).

### III. Discussion

The burden is on the Government to demonstrate a legitimate reason to retain the iPhones since criminal proceedings have been terminated. Chambers, 192 F.3d at 377. The Government's stated legitimate reason is that the iPhones likely contain contraband. However, to meet its burden, the Third Circuit requires that the "government must do more than state, without documentary [or other evidentiary] support," that the iPhones likely contain contraband. Id. The evidence in support of the Government's assertion that the iPhones likely contain contraband are the prior search warrants authorizing the Government to search the iPhones for contraband and Mr. Stallworth's conviction in this case.

A.     **The Search Warrants.**

The Government asserts that it has "probable cause to believe" that the iPhones do contain contraband.  Govt Resp. ¶ 6.  Presumably, the probable cause is based on the issuance of the March 11, 2020 search warrants.  The Government is not, however, relying on a present or expected search warrant to justify its retention of the iPhones so that law enforcement may search the iPhones for evidence of a crime or to further an active investigation.  See United States v. Estime, No. 19-CR-711 (NSR), 2020 WL 6075554 *16 (S.D.N.Y. Oct. 14, 2020) (government showed need to retain iPhones to search for evidence); United States v. Pinto-Thomaz, 352 F. Supp. 3d 287, 312 (S.D.N.Y. 2018) (government did not violate search warrant because it had not yet accessed iPhones and showed need to search iPhones for evidence); and United States v. Staton, No. CRIM.A. 10-800-01, 2012 WL 2159355 (E.D. Pa. June 14, 2012) (motion for return of property denied where government showed ongoing need for property and intent to use it at trial).  As noted, the Government has no interest in actually searching the iPhones.  The Government also does not allege that Mr. Stallworth lacks "clean hands" with respect to the iPhones, as would be the case if the Government in fact knew the iPhone contained evidence in support of the instant conviction.  See United States v. Alford, 805 F. App'x 924, 926 (11th Cir. 2020), cert. denied, 141 S. Ct. 1251, 208 L. Ed. 2d 637 (2021) (cellphone connected to an e-mail account that received child pornography not required to be returned).

Even though the issuance of the search warrants in this case logically leads to a *belief* that the iPhones do contain contraband, the applicable standard of law requires more than a belief; it requires that seized property must be returned to its owner "unless it is contraband." Chambers, 192 F.3d 376 (emphasis added).  To meet this burden the Government must "demonstrate" with

evidence that the iPhones do contain contraband. Id. at 377. Finally, probable cause to issue a valid search warrant to search property for evidence of a crime or contraband does not equate to a post-conviction assertion that probable cause exists to believe that there is in fact contraband in the property to be searched. The Government's suspicion that the iPhones may contain contraband is not a sufficient basis for the Court to conclude that the iPhones do contain contraband.

> B. The Conviction in this Case

The Government's belief that the iPhones may contain victim financial or identifying information is supported by the fact that Mr. Stallworth committed bank fraud through the use of a counterfeit-check cashing scheme using victim information. Post-conviction, however, there are factors that weigh against the Government's belief. First, the fraudulent scheme here was primarily reliant on non-electronic means: the conspirators physically stole mail, created actual counterfeit checks, and the check-casher physically entered a bank to cash the fraudulent check. Second, although the iPad contained evidence, the Government does not support its contention that the iPhones contain contraband by reference to the evidence found on the iPad. Nor does the Government provide evidence that the conspirators in this case actually stored victim information, or other contraband, on any electronic device in furtherance of their scheme. Arguably, the fact that no contraband was discovered on the iPad lessens the likelihood that contraband would be found on the iPhones. Thus, the Government's only current supporting averment to conclude that the iPhones contain contraband is that, because Mr. Stallworth committed bank fraud, he may have stored victim information on his iPhones. Case law does not support that such a conclusory assertion, regardless of the strength of the inference, is sufficient to meet the Government's burden.

In United States v. Green, the District Court found that the conclusory assertion that the party requesting the return of property does not appear to be someone who had the means to legitimately acquire the property, did not satisfy the government's burden to support its refusal to return the items.  No. CR 08-44, 2016 WL 11201169 (E.D. Pa. Oct. 21, 2016).  The government asserted that  Green "'is not the legitimate owner of the items because the record ... has shown that Green had no verifiable source of income with which to purchase the items,' and given 'Green's identity theft scheme involved obtaining cash advances, the preponderance of the evidence shows that the only disposable and liquid assets available to Green at the time that he acquired [the] items . . . were as the result of the scheme.'"  Green, No. CR 08-44, 2016 WL 11201169, at *1 n. 2.  In granting the motion for return of the property the District Court explained that "the Government here simply states Green is not the owner of the items, suggesting the nature of his criminal activity makes his possession of the items inherently suspicious. . . . After ample opportunity to do so, the Government has failed to satisfy its burden to show it has a legitimate reason to not return [the] Items."  Id.

The Green Court relied on a case in which the Third Circuit reversed the District Court's denial of a motion to return property where the District Court relied upon the government's assertion that the requesting party may not be the true owner.  Gov't of Virgin Islands v. Edwards, 903 F.2d 267, 274 (3d Cir. 1990).  Specifically, the government "argued that the jewelry *might* be from another robbery, that Edwards acted in a *suspicious* manner in the police car when he tried to give the jewelry to his girlfriend, that the jewelry was *likely* contraband because Edwards was unemployed and had no means of support, and that the United States Attorney would request the Chief of Police to put an advertisement in the newspaper describing the jewelry and seeking to identify any claimant."  Edwards, 903 F.2d at 272 (emphasis added).

Although the Third Circuit agreed that "the circumstances of Edwards' possession of expensive jewelry are suspicious," the Court nonetheless reversed with instructions to order the government to return the property to Edwards. Id. at 273. As in Edwards and Green, the Government's conclusory assumption that, the iPhones likely contain contraband, although reasonable, does not satisfy the Government's burden to justify a refusal to return the iPhones.

C. **Constitutional Concerns**

Mr. Stallworth has the right under the Fourth Amendment of the United States Constitution to decline to provide his passcode to the Government. The Court is cognizant of the coercive effect of permitting the Government to retain the iPhones unless, and until, Mr. Stallworth relinquishes his constitutional rights, provides his passcode, and thereby consents to the destruction of his data. Compare Alford, 805 F. App'x 924, 926 (defendant not "deprived of any constitutional right to access his data because. . . his usernames and passwords [for legitimate accounts] can be recovered," and defendant "could request access to the cellphone . . . to write down the login information"). In contrast, under the Government's proposal, Mr. Stallworth may recover his iPhones, but not the data, only if he sacrifices his constitutional rights and provides his passcodes.[2] Thus, in order to recover his iPhones, he will not only be deprived of his constitutional rights; he must also consent to the loss of his data.

---

[2] Relatedly, to deny the motion to return property in this case will effectively convert the government's temporary possession of the iPhones into a permanent possession. Such a result is not in accord with the Third Circuit's commentary in Edwards:

> We have no doubt that it would be antithetical to the notions of fairness and justice under which we operate to convert the government's right to temporary possession to a right to hold such property indefinitely. Indeed, if the government had such a right there would have been no need for Congress to have enacted specific statutes directed to circumstances under which forfeiture may be effected, see, e.g., 18 U.S.C. § 3554 (Supp. II 1984), none of which are applicable here. Thus, the burden of proof was on the government to show that it had a legitimate reason not to return the property to the person from whom it was seized. See United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987).

Gov't of Virgin Islands v. Edwards, 903 F.2d 267, 274 (3d Cir. 1990).

### IV. Conclusion

The iPhones "must be returned . . . unless [they are] contraband." <u>Chambers</u>, 192 F.3d at 377. Because the Government has not met its burden, the Court will order the Government to return Mr. Stallworth's three iPhones.

### **ORDER**

In summary, and for the reasons stated above, Rodney Stallworth's Motion for Return of Property Pursuant to Fed. R. Crim. Proc. 41(g) (ECF No. 60) is GRANTED. The Government is ordered to return Mr. Stallworth's three iPhones, one iPad, and one Xbox power cable.

Dated: August 13, 2021_                                    _____
                                                            Marilyn J. Horan
                                                            United States District Court Judge